UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Launeil Sanders, | ) | C/A No. 7:10-968-RBH-WMC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| U.S. EPA Administrator, Lisa Jackson; SCDHEC, South Carolina Department of Health and Environmental Control; ABITIBI Bowater; International Paper Company, | ) | |
| Defendants. | ) | |

## Introduction

Launeil Sanders ("Plaintiff"), proceeding *pro se*, brings this civil action seeking injunctive relief and damages.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. He requests stricter clean water standards than are currently required by the United States Environmental Protection Agency. The complaint should be dismissed based upon failure to state a claim on which relief may be granted and lack of standing.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." Title 28 § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett*

2

*v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that he was employed by defendant South Carolina Department of Health and Environmental Control ("SCDHEC") but that he was criminally and unjustifiably fired in December of 1999. Plaintiff alleges that he had inside knowledge that SCDHEC was illegally submitting Phosphorus limits for Rock Hill and another municipal plant in deliberate criminal contempt of South Carolina Chief Administrative Law Judge Marvin Kittrell's order dated September 1999. Plaintiff alleges that after his firing SCDHEC gave him bad references which prohibited him from gaining future employment. Defendant SCDHEC allegedly owes Plaintiff $195,000.00 in back pay. Plaintiff alleges that he filed suit in this court in April of 2001 but that it was dismissed on a technicality.

Plaintiff alleges that Bowater and International Paper are pulp and paper mills which discharge polluted wastewater into navigable waterways. Plaintiff alleges that SCDHEC regulates defendants ABITIBI Bowater Corporation ("Bowater") and International Paper Corporation ("International Paper")'s wastewater discharges, and Plaintiff alleges that SCDHEC's requirements are not strict enough. Bowater is allegedly discharging wastewater into the Catawba River, and International Paper is allegedly discharging wastewater into the Cooper River. Plaintiff is upset because SCDHEC allows those companies to discharge 1,500,000 pounds per day of COLOR compounds into streams, and Plaintiff believes that the parameters and the current method of testing is outdated.

3

Plaintiff requests that Bowater and International Paper be required to immediately begin treating their wastewater in the method that Plaintiff suggests, and Plaintiff requests that those defendants be required to report to SCDHEC and to this court every six months as to their progress. Plaintiff alleges that he has a patent on a new technological process to remove toxic/hazardous chemicals from wastewater but that the pulp and paper mills have not implemented his new technology and that the EPA has not required it. Plaintiff alleges that he has attempted to convince the mills to use his technology to no avail. He also has sought changes from the EPA to its environmental standards, but the EPA has essentially refused his requests. It appears that the EPA wrote Plaintiff a letter dated September 25, 2009, wherein it did not agree to make immediate changes requested by Plaintiff. (Compl. at 28-31) Plaintiff appears to seek to force the defendants to use his new technology via this lawsuit, or he requests that the standards in effect prior to 1985 be reinstated because those standards were stricter than today's standards.

Plaintiff alleges that he has tried to request changes to the EPA wastewater standards through other channels such as the United States Congress, the United States President, and the EPA Administrator but that he cannot get anyone's attention. Specifically, Plaintiff alleges "That I, Launeil Sanders, have tried to get the attention of Congress, President Obama, EPA Administrator Lisa Jackson and others, however I have failed." Plaintiff did receive a letter from the EPA Administrator's office "which is absolutely unsatisfactory, which is why I have filed this lawsuit." Plaintiff alleges that the EPA "is not going to do anything." Plaintiff alleges that "I really need a U.S. District Judge to intervene and Order EPA Administrator to establish technology limits either for Original 1985 COLOR limits or New COD limits. There is no alternative for the 300 million Citizens of America."

4

Plaintiff states that it is not acceptable for the EPA to allow "all 800 pulp and paper mills ... to discharge toxic, hazardous, polluted wastewater until the Administrator puts in New Technology Limits. Thus, I have no recourse but to file this suit and try to get an Honorable U.S. District Judge to intervene and Order the Administrator to install Technology Limits as were in force in the 1985 BAT COLOR limits."

## Discussion

Plaintiff's state law claims, liberally construed, for wrongful discharge and defamation seeking damages against defendant SCDHEC are barred by the Eleventh Amendment. "State sovereign immunity is a bedrock principle of 'Our Federalism.'" *Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) (citation omitted). When the States entered the Union they consented to a system of dual sovereignty and did not agree to become mere appendages of the Federal Government. *Id.* The Eleventh Amendment to the United States Constitution reflects the foundational principle of sovereign immunity because it divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. *See Id.* The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Soc. Serv.*,

5

562 F. Supp. 579, 583-585 (D.S.C. 1983); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). It is clear that the South Carolina Department of Health and Environmental Control is a department of the State of South Carolina and functions as an arm of the State. *See Belcher*, 460 F. Supp. at 808-809. Thus, because Plaintiff seeks money damages from an arm of the State of South Carolina, this action is barred in this court. Accordingly, defendant SCDHEC should be dismissed without prejudice based upon Eleventh Amendment immunity. *Cf. Johnson v. Ozmint*, 456 F.Supp.2d 688, 697 (D.S.C. 2006) (in a removed case, the defendant South Carolina Department of Corrections agreed that the federal court had supplemental jurisdiction over the S.C. Tort Claims Act claim).

With respect to Plaintiff's requested injunctive relief, the crux of Plaintiff's complaint is that this court order the United States EPA Administrator and SCDHEC to make new stricter rules and regulations related to wastewater discharge from pulp and paper mills. Plaintiff is obviously frustrated that his requests to Congress and the EPA Administrator to create new laws and rules on this environmental issue did not bring about change. Notably,

Plaintiff does *not* allege that the defendants are in violation of the current environmental standards, but Plaintiff alleges that he does not *agree* with the current environmental standards. This court, however, is not in the business of making laws or rules related to wastewater discharge. The separation of powers doctrine creates a presumption that if Congress legislates on a subject then federal courts should not create federal common law on that subject. *See Senator Linie GMBH & Co. v. Sunway Line, Inc.*, 291 F.3d 145, 166-67 (2nd Cir. 2002). Congress has the power to make and amend laws, and a court's role is to interpret a federal statute to achieve the intent of Congress. *See Lundeen v. Canadian Pacific R. Co.*, 532 F.3d 682, 689 (8th Cir. 2008). Accordingly, Plaintiff's request that this court order the defendants to create new stricter standards for clean water is not within this court's power. *See also In re Sunterra Corp.*, 361 F.3d 257, 269 (4th Cir. 2004) (noting that a federal court must determine the meaning of a statute passed by Congress but "'not whether wisdom or logic suggests that Congress could have done better....'" (citation omitted)).

To the extent that this action could be construed as a petition for a writ of mandamus to order the EPA Administrator to perform a duty, Plaintiff's claim fails to state a cognizable claim. Title 28 U.S.C. § 1361 provides jurisdiction for this court to compel an employee of the United States or any agency thereof to perform a duty owed to a plaintiff. Plaintiff in this case, however, does not allege any duty owed to him personally or a breach of that duty. Plaintiff alleges that the EPA Administrator did perform her duty to create rules and regulations related to hazardous wastewater. Plaintiff does not allege that the EPA standards are unlawful merely that Plaintiff desires stricter rules. These allegations fail to state a claim on which relief may be granted for a writ of mandamus. *See generally, United*

*States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004); *In Re: Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007).

Lastly, under the Clean Water Act, a "citizen" may bring an action to enforce compliance with the Clean Water Act. Title 33 U.S.C. § 1365. However, if the Administrator has allegedly failed to perform any discretionary act or duty then such a suit is not authorized. Plaintiff does not allege that the Administrator failed to implement rules and regulations related to wastewater; Plaintiff only alleges that the implemented rules and regulations are not strict enough. This allegation of unsatisfactory rules and regulations necessarily can only be construed as a matter within the Administrator's discretion. Thus, Plaintiff does not state a cognizable claim under the Clean Water Act. Further, a plaintiff bringing suit under the Clean Water Act must be a person "having an interest which is or may be adversely affected." Title 33 U.S.C. § 1365(g). For purposes of Article III standing and under the test set forth in *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv.*, 528 U.S. 167 (2000), Plaintiff did not allege an injury-in-fact to himself personally (e.g., a traditional trespass, tortious injury to a person, or injury to a person's aesthetic or recreational interests).

### Recommendation

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

| | |
|---|---|
| May 12, 2010 | s/William M. Catoe |
| Greenville, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).