IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Launeil Sanders, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>U.S. EPA Administrator, Lisa Jackson; )<br>SCDHEC, South Carolina Department )<br>of Health and Environmental Control; )<br>ABITIBI Bowater; International Paper )<br>Company, )<br>)<br>    Defendants. )<br>_____ ) | Civil Action No.: 7:10-cv-00968-RBH<br><br><br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge William M. Catoe.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss this action *without prejudice* and without issuance and service of process.

**Factual Background and Procedural History**

This case was initiated when the Plaintiff filed a *pro se* Complaint *in forma pauperis* seeking injunctive relief and damages on April 20, 2010. The Plaintiff essentially requests implementation and enforcement of stricter clean water standards than are currently required by the Clean Water Act ("CWA") and the United States Environmental Protection Agency ("EPA"). Under established local procedure in this judicial district, a careful review was made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. On May 12, 2010, the Magistrate Judge issued an R&R, recommending the Complaint be dismissed without prejudice for failure to state a claim on

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling.

which relief may be granted and lack of standing. The Plaintiff filed timely objections to the R&R on May 18, 2010, and this matter is ripe for review.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

It appears as though the Plaintiff makes essentially two arguments in his objections to the R&R: (1) that he has standing to bring this suit and (2) that he has stated a meritorious claim because pulp and paper mills have been violating the Clean Water Act for 30 years.[2] The Court will address each argument in turn.

---

[2] To the extent that the Plaintiff repeats his allegations against SCDEHC as a possible third objection to the R&R, the Plaintiff's state law claims against SCDHEC are barred by the Eleventh Amendment. *See, e.g., Virginia v. Reinhard,* 568 F.3d 110, 115 (4th Cir. 2009).

2

First, the Plaintiff argues that "Friends of The Earth v. Laidlaw Environmental Services Inc., 528 U.S. 167 (2000) . . . guarantees my rights in my Citizen Environmental Suit to be heard." *Objections,* p.1. However, as the Magistrate Judge explained, "[f]or purposes of Article III standing and under the test set forth in *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv.,* 528 U.S. 167 (2000), Plaintiff did not allege an injury-in-fact to himself personally." *R&R,* p.8. In fact, the Plaintiff still has not alleged facts to establish an injury-in-fact for standing purposes. To the extent that the Plaintiff asserts "I have been criminally, directly harmed and have been prohibited from selling my technology because of the criminal racketeering of EPA and SCDEHC," the fact that the pulp and paper mills will not use his technology and the EPA will not force them to do so does not give the Plaintiff standing to bring a citizen suit pursuant to 33 U.S.C. § 1365. *See Friends of the Earth,* 528 U.S. at 184 (assertions that discharges *directly* affected the affiants' recreational, aesthetic, and economic interests were sufficient). Further, any such claim fails as to the EPA Administrator as well because the Plaintiff does not allege that Lisa Jackson failed to implement rules and regulations related to wastewater, but only that, in her discretion, she implemented rules and regulations that are not strict enough. *See* 33 U.S.C. § 1365(a)(2).

Next, the Plaintiff argues that "[a]ll 800 pulp and paper mills are violating the Clean Water Act of 1974, and have been for past 30 years." *Objections,* p.3. He further states: "Lisa Jackson, EPA Administrator, should immediately revoke all 800 NPDES permits and reissue with COD limits to let technology come into the Public Domain, or reissue with the COLOR limits which the Washington Lobbyists got done away with in 1980." *Id.* As such, the Plaintiff appears to seek the court to force the defendants to use his technology via this lawsuit, or order the EPA and SCDHEC to make stricter rules and regulations relating to wastewater discharge from pulp and paper mills. Notably, the Plaintiff does not allege that the defendants are in violation of the *current*

3

environmental standards, but only that he does not *agree* with the current environmental standards.[3] The Plaintiff's request that this Court order the defendants to create new, more stringent standards for clean water is not within this Court's power. *See In re Sunterra Corp.,* 361 F.3d 257, 269 (4th Cir. 2004) (noting that "a federal court must determine the meaning of the statute passed by Congress, not whether wisdom or logic suggests that Congress could have done better . . . ."). To the extent that this action could be construed as a petition for a writ of mandamus to order Lisa Jackson to perform a duty pursuant to 28 U.S.C. § 1361, the Plaintiff's claim fails because he does not allege any duty owed to him personally or a breach of that duty. *See* 28 U.S.C. § 1361. As such, all of the Plaintiff's claims fail for lack of an arguable basis either in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992).

Having thoroughly reviewed the entire record and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference. Accordingly, this action is dismissed *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 28, 2010

---

[3] *See Objections,* p.6 (" Here, all 800 pulp and paper mills have been violating their Clean Water Act for 30 years. In this regard, *the Clean Water Act and Clean Air Act, as amended in 1990, are exceptions.*) (emphasis added).